Frank Keeler, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, August 22, 1983:

This appeal is from a denial of administrative relief by the Pennsylvania Board of Probation and Parole. The petitioner was originally sentenced in 1975, paroled in 1977, recommitted with a new maximum term expiring in January 1984, reparoled in 1979, declared delinquent in 1981, and then arrested and sentenced in that year for weapons charges in New Jersey. The petitioner was paroled as to the New Jersey sentence on August 24, 1982, was returned to Pennsylvania on August 25, and, on September 8 was given a preliminary parole hearing by the respondent board.

At the full board violation and revocation hearing on November 30, 1982, the petitioner's counsel raised

the issue we here consider, timeliness of the preliminary hearing under 37 Pa. Code §71.2(3). Rejecting that objection, the board ordered the petitioner recommitted to serve backtime, with a maximum term expiration date recomputed to January 10, 1987.

Under 37 Pa. Code 71.2(3), the board must hold the preliminary hearing within fifteen days after the parolee has been arrested on the board's warrant or after it has been lodged as a detainer. The petitioner's counsel takes note of 37 Pa. Code §71.5(c), which provides that if a parolee is in custody in another state, all matters shall be deferred until the parolee has been "returned" to a state correctional facility in this Commonwealth. However, petitioner's counsel seems to attack the validity of the latter regulation, contending that, in these cases of out-of-state confinement, the running of the fifteen-day period should be counted from the out-of-state parole (or release) date rather than from the date of actual return.

Upon the facts in this appeal, the contention is pointless. Even if we were to count the running of the fifteen-day period from the date of parole in New Jersey, August 24, the September 8 date of preliminary hearing here nevertheless was within fifteen days thereafter. In accordance with 1 Pa. C. S. §1908, we compute time periods to exclude the first day and include the last day; August 25 through September 8, inclusive amount to not more than fifteen days.

The board's order, dated December 14, 1982 should be affirmed.

ORDER

Now, August 22, 1983, the order of the Pennsylvania Board of Probation and Parole dated December 14, 1982 is affirmed.