## Commonwealth v. Waxler

*Dale Fouse, assistant district attorney,* for the Commonwealth.

*John P. Dohanich,* for defendant.

STEEGE, *J.,* February 27, 1986—At approximately 10:00 p.m. on the evening of September 14, 1985, Trooper Darrell L. Williams of the Pennsylvania State Police, while on duty, received a report of a one-vehicle accident on Route 168 just north of its intersection with Route 30 in Greene Township, this county. He arrived at the scene shortly thereafter and found defendant, alone, seated in his 1976 Chevrolet pickup truck, which was off the road and had evidently struck the side of a barn and a tree.

In answer to the trooper's inquiries, defendant said that he had been driving the truck at the time of the accident and that the truck belonged to him. He was unable to produce an operator's license or an owner's card. Defendant complained of extreme pain in his abdominal region and of being very cold.

The trooper went to his patrol car and radioed for an ambulance. He then returned to defendant's pickup truck, along with a couple of paramedics who had happened onto the scene, and together they helped defendant to the patrol car where it was warmer. The trooper noticed that defendant had an aroma of alcohol about him, that his speech was slurred and his coordination was faulty. He returned to defendant's pickup truck and conducted a search of the "open area" and found a half-empty fifth of whiskey.

The trooper then returned to his patrol car and sat with defendant as they awaited the arrival of the ambulance. At no time that evening did the trooper advise defendant that he was under arrest, nor did he inform defendant of his constitutional rights. The trooper asked defendant whether he had anything to drink and defendant admitted to having had "a couple of beers" and "a couple of shots" from the bottle. The trooper did not attempt to administer a field sobriety test to defendant because of his apprehensions about defendant's injuries and physical condition.

When the ambulance arrived, the trooper instructed the driver to take defendant to the Aliquippa Hospital, which was the closest health-care facility. Aliquippa Hospital is not certified to perform testing for blood-alcohol content. While the trooper was aware of that, and of the possible complications for him because of it, he directed that defendant be brought to Aliquippa Hospital because of the apparent need for prompt medical attention.

At the Aliquippa Hospital emergency room the trooper sought and received defendant's written consent to have the hospital personnel draw blood for purposes of blood-alcohol content testing. The blood sample was drawn and the trooper took steps to have it delivered to the Pennsylvania State Police Testing Laboratory in Greensburg from which, on or about September 24, 1985, a report was received indicating a blood-alcohol content of .23 percent.

The trooper frankly testified that if defendant had not shown signs of injury, or if a test at the Medical Center of Beaver County (which is certified to administer the test) had revealed the blood-alcohol content that evening, the trooper would immediately have formally placed defendant under arrest. The only reason he did not do so was because of defend-

ant's apparent physical injuries.

On October 18, 1985, Trooper Williams filed a criminal complaint charging defendant with driving under the influence of alcohol and setting forth the blood-alcohol content of .23 percent. The summons issued, defendant waived his preliminary hearing, and on December 4, 1985, the district attorney handed down the formal information. On January 28, 1986, defendant filed a motion requesting that the information be dismissed with prejudice and on February 18, 1986 the matter came on for hearing.

Defendant contends that Rule 130 of the Pennsylvania Rules of Criminal Procedure requires that the information be dismissed. Rule 130 provides in pertinent part as follows:

"(b) When a defendant has been arrested without a warrant for driving under the influence of alcohol or controlled substances, the arresting officer may, when he deems it appropriate, promptly release the defendant from custody rather than taking him before the issuing authority.

"(d) When a defendant is released pursuant to paragraph (b) ... . a complaint shall be filed against the defendant within five days of the defendant's release. Thereafter, a summons, not a warrant of arrest, shall be issued, and the case shall proceed as provided in Rule 110." The district attorney responds that since defendant was not formally placed under arrest on the night in which the above events occurred, Rule 130 is not applicable and the Commonwealth has proceeded properly.

Our appellate courts have held that the application of the requirements of Rule 130 is mandatory. Commonwealth v. Revtai, 343 Pa. Super. 149, 494 A.2d 399 (1985); Commonwealth v. Press, 342 Pa. Super. 507, 493 A.2d 705 (1985). The only question before us is whether, under the circumstances of

this case, defendant was "under arrest" on the night of September 14, 1985. We believe he was.

The question of when a driver is "under arrest" for driving while under the influence of alcohol has been considered by our appellate courts in many cases which have arisen under §1547(b) of the Vehicle Code, 75 Pa.C.S. §1547(b). That section permits the suspension of a driver's motor vehicle operator's license if the driver refuses to submit to a breathalyzer test after, among other things, the driver has been "placed under arrest" for driving while under the influence of alcohol. In those cases the courts have held that whether a driver has been placed under arrest is a factual rather than a legal determination, and all that is necessary is that the driver be in the custody and control of the person effecting the arrest. See, for example, Phillips v. Commonwealth, 84 Pa. Commw. 217, 478 A.2d 958 (1984); Gresh v. Commonwealth, 76 Pa. Commw. 480, 464 A.2d 623 (1983). (In the case at bar, in response to an inquiry from the court, Trooper Williams candidly stated that he would have taken steps to implement the suspension provisions of §1547 of the Vehicle Code if defendant had refused to consent to the drawing of blood.)

We hold that the definition of when a driver is under arrest for purposes of §1547 of the Vehicle Code applies when a driver is under arrest for purposes of Rule 130. We find that defendant was in the custody and control of Trooper Williams, and under arrest on the night of September 14, 1985. We therefore enter the following

## ORDER

Defendant's motion to dismiss the information is granted and the information is dismissed, with prejudice.