523 A.2d 432

Glenn Gottschalk, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs February 5, 1987, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Lester G. Nauhaus,* Public Defender, with him, *John H. Corbett, Jr.,* Chief-Appellate Division, and *Melaine Shannon Rothey,* Appellant Counsel, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

Opinion by Judge MacPhail, April 1, 1987:

Mr. Gottschalk appeals here from the denial of administrative relief by the Pennsylvania Board of Probation and Parole (Board). We vacate and remand.

Gottschalk was paroled from his original sentence on July 25, 1980. While on parole, he was arrested and convicted of rape and aggravated assault. On March 16, 1983, the Board entered the following recommitment order after a violation and revocation hearing:

Recommit as a technical parole violator to serve 12 months, and as a convicted parole violator to serve unexpired term—4 years, 7 months, 22 days. Evidence relied on: conviction in a court of record. Court documents. Agent's testimony. Conviction in a court of record for the offense of rape has a presumptive range of 30 to 40 months. The presumptive range for violation of condition # 5C 6 to 18 months. Reasons: Conviction in a court of record established. Violation of condition # 5C established. Assaultive nature of offense.

Thereafter, Gottschalk requested the Board to review its order in light of our Supreme Court's decision in *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985). Acceding to that request, the Board then entered the following order:

Modify Board action of 3-16-83 by deleting all reference to technical parole violation. Reaffirm recommitment as a CPV to serve unexpired term—4 years, 7 months, 22 days. Maximum remains at 11-8-87.

Gottschalk's sole complaint is that the Board's deletion of the recommitment time for a technical parole violation under *Rivenbark* has had no practical effect upon his recommitment time. To put it another way, Gottschalk contends that his recommitment time should be shortened by twelve months.

It is the Board's position that since the recommitment for a technical parole violation and a convicted pa-

role violation are separate and distinct exercises of discretion, *see Garris v. Pennsylvania Board of Probation and Parole,* 101 Pa. Commonwealth Ct. 420, 516 A.2d 808 (1986), the recommitment for the convicted parole violation stands alone and is unaffected by any action the Board takes with respect to the technical parole violation. The Board calls our attention to *Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 38, 483 A.2d 1044 (1984), wherein we cited Section 21.1 of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.21a, for the proposition that the Board has the authority to recommit a parolee for the entire remaining balance of his unexpired maximum term. The Board, however, has promulgated regulations setting forth presumptive ranges for the recommitment of convicted parole violators "to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the final decision." 37 Pa. Code §75.1(b). It is further provided that where there is a deviation from the presumptive range, written justification shall be provided. 37 Pa. Code §75.1(c).

It will be noted that the Board's 1983 order which recommitted Gottschalk for 4 years, 7 months and 22 days was based upon a presumptive range of 30 to 40 months for the conviction of rape,[1] and 6 to 18 months for the technical violation.[2] The maximum presumptive range thus was 58 months and the recommitment order of 55 months was within that range. When, however, the Board deleted the technical violation recommitment time, the 55 month recommitment for a convicted parole violation was beyond the maximum presumptive

---

[1] *See* 37 Pa. Code §75.2 which has since been amended to show a presumptive range of 30 to 48 months.

[2] *See* 37 Pa. Code §75.4.

range for the rape conviction. The Board set forth no justification in its amended order for the deviation.

We, accordingly, must vacate the Board's order and remand the case to the Board for a recomputation of the recommitment order dated July 3, 1986 or a written statement justifying the deviation from the presumptive range for conviction of rape.

### ORDER

The order of the Board of Probation and Parole denying Glenn Gottschalk administrative relief is vacated and the case is remanded to the Board for proceedings not inconsistent with the foregoing opinion.

Jurisdiction relinquished.