Richard H. KRANTZ, Petitioner,

v.

## PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 3, 1997.

Decided July 28, 1997.

---

Frederick R. Gutshall, Huntingdon, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

Before COLINS, President Judge, LEADBETTER, J., and JIULIANTE, Senior Judge.

COLINS, President Judge.

Richard Krantz (Krantz) petitions for review of the order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from its order imposing back time for consumption of alcohol and for a New York misdemeanor conviction in violation of the conditions of his parole.

In November 1990, Krantz was reparoled from a ten-year sentence to an approved residence in New York State. In addition to the general conditions governing his parole, the Board imposed special conditions relating to drug and alcohol treatment and prohibiting consumption of alcohol under any conditions or for any reasons. In May 1994, the Board continued Krantz on parole (citing mitigating reasons) after he was convicted in New York of attempted criminal sale of a controlled substance. In May 1995, Krantz was again arrested (for menacing a neighbor

with a knife); he was convicted and served a one-year sentence.

Upon recommendation of Krantz's New York parole officer, the Board in October 1995 issued a warrant for Krantz's arrest and return to the Commonwealth as a technical and convicted parole violator (based on the May 1995 arrest and subsequent conviction). Krantz was returned to the State Correctional Institution at Smithfield in February 1996 upon completion of his New York sentence. After a revocation hearing, the Board recommitted Krantz for 12 months of back time on the new conviction and for 3 months (to be served concurrently) for violating the special condition prohibiting consumption of alcohol. The Board's order stated a new maximum term expiration date of September 1, 2000 on his original sentence, giving Krantz no credit for time spent at liberty while on parole.

Before this Court, Krantz argues 1) that no back time should be imposed for his consumption of alcohol because he suffers a disability that results from substance abuse and related psychiatric problems;[1] 2) that the Board is estopped from denying him credit for his "street time" because it failed to do so in 1994 after his first New York conviction; 3) that the Board failed to secure his return to the Commonwealth immediately upon discovery of his conviction, thereby violating his due process rights; and 4) that reparole should be automatic upon completion of his back time rather than conditional upon the results of a review by the Board.

Krantz first argues essentially that he should not be penalized for noncompliance with a condition of his parole because he suffers from a disease or diseases that prevent compliance or make it difficult to comply. We find this claim to be wholly without merit. The Board has broad discretion to demand strict compliance with the terms of its conditions and to determine the appropriate penalty for noncompliance, regardless of the reasons for noncompliance or any mitigating circumstances. *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131 (Pa.Cmwlth.1995). Although chronic substance abuse can be very difficult to overcome and control, it is not impossible. Krantz's parole history reveals that his repeated parole violations were inevitably linked to his use of controlled substances. The record also indicates that Krantz has repeatedly failed to take advantage of substance abuse treatment programs that were made available to him while he was on parole.

We have addressed Krantz's second argument in the context of *Andrews v. Pennsylvania Board of Probation and Parole*, 101 Pa.Cmwlth. 468, 516 A.2d 838 (1986), *petition for allowance of appeal denied*, 519 Pa. 661, 546 A.2d 622 (1988). When the Board in the exercise of its discretion decides not to recommit a convicted parole violator, the parolee does not lose credit for street time, but that exercise of discretion does not shield the parolee's street time from forfeiture following a new conviction while on parole. *Id.* Forfeiture of street time upon recommitment as a convicted parole violator is mandated by statute. *Id.* In this case, as in *Andrews*, the Board's decision not to recommit Krantz in 1994 has no bearing on its decision to recommit him after his 1995 conviction, and once recommitted, the law mandates forfeiture of his street time. Accordingly, the Board is not estopped from denying Krantz credit for his "street time" because it failed to do so in 1994 after his first New York conviction.

The Board's failure to secure Krantz's return to the Commonwealth immediately upon discovery of his conviction does not constitute a violation of Krantz's due process rights. When a parolee is in custody in another state, the Board may lodge its detainer, but other matters may be deferred until the parolee has been returned to a state correctional facility. 37 Pa.Code § 71.5(a); *Keeler v. Pennsylvania Board of Probation and Parole*, 76 Pa.Cmwlth. 480, 464 A.2d 623 (1983). In this case, the Board lodged and

---

1. In his statement of his first issue, Krantz claims that the Board is "estopped" from imposing back time for the technical violation; however, Krantz failed to frame his argument in terms of estoppel. (Petitioner's Brief, pp. 9–10.) We therefore address this issue as argued: that the imposition of back time is arbitrary and inappropriate because Krantz's use of alcohol is uncontrollable and results from his substance abuse and psychiatric problems.

forwarded its detainer while Krantz was in custody in New York and before his conviction; the detainer was executed and Krantz was returned to Board custody on the day of his release from New York custody.

 Finally, we reject Krantz's argument that reparole should be automatic upon completion of his back time rather than conditional upon the results of a review by the Board. A parolee who is ordered to serve back time as a parole violator loses his or her status as a "parolee" and has no right to be automatically released upon expiration of the back time. *Shaw v. Pennsylvania Board of Probation and Parole*, 671 A.2d 290 (Pa. Cmwlth.1996), *petition for allowance of appeal denied*, 547 Pa. 746, 690 A.2d 1165 (1997). Prisoners have no absolute right to parole, but rather only the right to petition for parole upon expiration of the minimum term. *Brown v. Pennsylvania Board of Probation and Parole*, 668 A.2d 218 (Pa.Cmwlth. 1995).

Accordingly, we affirm the order of the Board.

### ORDER

AND NOW, this 28th day of July, 1997, the order of the Board of Probation and Parole in the above-captioned matter is affirmed.

