# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George V. Fabian Jr.,           :
          Petitioner     :
                         :
         v.             :   No. 805 C.D. 2015
                         :   Submitted:  October 2, 2015
Pennsylvania Board of Probation  :
and Parole,               :
          Respondent   :


BEFORE:  HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**             **FILED: November 25, 2015**


Petitioner George V. Fabian, Jr. (Fabian) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board), dated April 16, 2015. The Board denied Fabian's administrative appeal of its November 20, 2014 decision, which modified its earlier action recorded on May 30, 2014,[1] asserting that the Board erred in its calculation of a new maximum sentence date and in denying him credit for a period when Fabian was at liberty on parole. We affirm the Board's order.

---

[1] The Board's May 30, 2014 order recommitted Fabian for a twenty-four month period of backtime based upon Fabian's conviction on new criminal charges and recalculated Fabian's maximum sentence date. The Board's November 20, 2104 decision reduced the period of recommitment to twelve months.

In March 2004, Fabian was sentenced to serve a term of three-to-six years for his conviction on a burglary charge.[2] (Certified Record (C.R.) at 1.) In August 2004, Fabian was convicted of numerous additional counts of burglary and two counts of criminal attempt, for which he was sentenced to concurrent terms of three-to-six years. The two separate sentences resulted in an aggregate sentence of six-to-twelve years. Around that time, Fabian's minimum and maximum dates for these aggregated sentences were calculated to be October 23, 2009, and October 23, 2015.[3] On December 29, 2011, the Board granted Fabian parole, (C.R. at 15), and released him on March 1, 2012. (C.R. at 22.) The Board release form, signed by Fabian, includes the proviso that the Board had the authority, if Fabian were to be convicted of new criminal charges while on parole, to deny Fabian credit for any time during which he was at liberty on parole. (C.R. at 17.)

On February 8, 2013, the Pennsylvania State Police arrested Fabian, charged him with various crimes, including, *inter alia*, fleeing or attempting to elude a police officer and driving while his operating privileges were suspended, and placed him in the Fayette County Prison. (C.R. at 24-34.) Fabian's bail was set at $20,000, but he did not post bail at that time. (C.R. at 34.) On February 20, 2013, the common pleas court changed the terms of bail to $20,000 unsecured, effectively releasing Fabian on his own recognizance. (C.R. at 41.) Because Fabian was thereafter only being held on a Board detainer, he was

---

[2] Fabian was also convicted at that time of fleeing or attempting to elude a police officer (one-to-two years) and driving under suspension (ninety days). (*Id.*)

[3] Those calculations are based upon the date when Fabian began to serve his sentences— *i.e.*, October 23, 2003. (C.R. at 2.)

transported from the county prison to the State Correctional Institution at Fayette. (C.R. at 81.)

In February 2014, Fabian pled guilty to numerous charges, and the court of common pleas sentenced him on March 19, 2014, to serve a six-month to twenty-four month term of incarceration for fleeing or attempting to elude a police officer and a sixty-day term of incarceration for driving while his operating privileges were suspended. (C.R. at 60-62.)

On March 28, 2014, the Board provided Fabian with a notice of charges arising from his convictions. (C.R. at 71.) On the same date, Fabian signed a waiver of his right to a revocation hearing and to counsel. (C.R. at 72.) The Board's hearing report recommended a recommitment period of twelve months, to deny credit for the time Fabian spent on parole, and, in the "additional information" section of the report, noted that the conviction "involved taking police on [a] high speed chase . . . with no license. Put a lot of lives at risk for no reason." (C.R. at 80.)

In its May 30, 2014 Order to Recommit (C.R. at 82-82), the Board identified Fabian's original maximum release date as October 23, 2015, and the "Parole/Reparole/Delinquency/Board Warrant Date" as March 1, 2012. Fabian had 1,331 days remaining on his original sentence when he was released on parole (the difference between Fabian's date of release on parole and his original maximum sentence). The Board determined that Fabian was entitled to backtime credit for the period from February 20, 2013 through March 19, 2014—392 days. Those dates reflect the date upon which Fabian's bail was changed to unsecured (and when Fabian was returned to state custody) and the date of sentencing on Fabian's new convictions. Thus, the Board subtracted the time of credit for that

3

period from the total days remaining on his sentence (1,331-392=939 days).  The Board added that number of days to the date upon which Fabian was returned to state custody (April 23, 2014)[4] to arrive at the new maximum date of November 17, 2016, which the Board identified as the date of "custody for return." (C.R. at 82.)  Thus, between the date upon which the trial court altered the terms of bail, making it unsecured, through the date of Fabian's conviction, it was appropriate for that period of time to be credited to Fabian's original sentence. Once, however, he was convicted, up until the time the Board recommitted him on April 23, 2014 (the date of the order to recommit based on the new convictions), Fabian was serving time on the new sentence, and, thus, he was not entitled to any credit on his original sentence for that period of time.  Once the Board issued its April 23, 2014 order recommitting Fabian, he was, for the purpose of maximum date calculation, again in custody for the purpose of the original sentence. *Campbell v. Pennsylvania Bd. of Prob. and Parole*, 409 A.2d 980, 981-82 (Pa. Cmwlth. 1980).

The Board's May 30, 2014 recommitment order, however, ordered Fabian to be recommitted for a period of *twenty-four* months backtime. (C.R. at 84.)  The order also indicated that Fabian would not be eligible for parole until March 27, 2015, and noted the new maximum sentence date of November 17, 2016.  On or about June 30, 2014, Fabian filed a petition for administrative review.  Fabian asserted that the Board erred by imposing a period

---

[4] April 23, 2014 is the date upon which the second panel person who participated in the hearing report signed the hearing report.  (C.R. at 80.)

of twenty-four months backtime and that the Board lacked the authority to extend his maximum sentence date. (C.R. at 99.)

On August 5, 2014, the Board recorded another decision that modified the May 30, 2014 order, but only by indicating that Fabian would be listed "for reparole on the next available docket." (C.R. at 85.) On or about September 8, 2014, Fabian filed a second petition for administrative review, raising the same challenges he raised in his earlier petition for administrative review, reiterating his claim that the new maximum sentence date improperly exceeded his original maximum sentence date. (C.R. at 103-104.)

By decision dated November 20, 2014, the Board: (1) rescinded the August 5, 2014 order; and (2) modified the May 30, 2014 order to recommit Fabian to serve twelve months backtime instead of twenty-four months. (C.R. at 86.) The maximum sentence date remained November 17, 2016. On or about December 19, 2014, Fabian filed a third petition for administrative review. (C.R. at 112-114.) In that petition, Fabian again challenged the amount of backtime the Board imposed upon him (twelve months via the modifying order), arguing that twelve months exceeds the presumptive range for the crime of which he was convicted and that the proper presumptive range for his crime is three-to-six months. Fabian asserted that, when the Board exceeds the presumptive recommitment range, it is required to provide an explanation. Fabian also argued again that the Board's calculation of the new maximum sentence date was erroneous and contended that the Board erred by denying credit for his time at liberty because the Board's order-to-recommit calculation sheet does not specifically state on the appropriate line that the Board elected to deny Fabian credit for his street time. (C.R. at 113.)

5

The Board addressed the three primary issues Fabian raised. First, with regard to Fabian's challenge to the twelve-month recommitment period, the Board, citing 37 Pa. Code § 75.2, concluded that it had not erred because the presumptive range of recommitment for the crime of fleeing or attempting to elude an officer is six-to-twelve months. With regard to Fabian's claim that he was entitled to credit for his time spent at liberty on parole, the Board cited Section 6138(a)(2) of the Probation and Parole Code (Code), 61 Pa. C.S. § 6138(a)(2), which provides that parolees are not entitled to credit for periods at liberty on parole when they are subsequently convicted of new criminal charges. With regard to the calculation of Fabian's new maximum sentence date, the Board identified the key dates at issue, and confirmed its decision.

Fabian petitioned for review of the Board's decision,[5] raising the following issues in his petition for review: (1) whether the Board erred in recommitting him for twelve months backtime; and (2) whether the Board erred in its credit calculations and its consequential calculation of his new maximum sentence date.[6]

---

[5] Our review of a Board decision denying administrative relief is limited to considering whether necessary factual findings are supported by substantial evidence and whether an error of law was committed or constitutional rights were violated. 2 Pa. C.S. § 704.

[6] Fabian also challenges for the first time that the Board erred by not also amending its May 2014 order to include a date certain for reparole eligibility. (Petition for Review at 3.) Fabian asserts that he has identified a "liberty interest, because the Board did not issue a new reparole eligibility date of February 21, 2014 when the 12 month backtime violation was served, and credit for the new sentence would have started." (*Id*.) Although Fabian waived this issue, *see Marquis Banks v. Pennsylvania Bd. of Probation and Parole*, 928 A.2d 384, 388 (Pa. Cmwlth.), *appeal denied*, 936 A.2d 41 (Pa. 2007) (failure to raise issue before Board results in waiver of issue), we note that, even if the issue were not waived, it lacks merit. Parolees have no right to either automatic reparole following the expiration of a recommitment period nor do **(Footnote continued on next page…)**

We are uncertain as to how the Board determined to recommit Fabian to serve twelve months of backtime for his new convictions. In the Board panel's hearing report, the panel members noted only Fabian's conviction for fleeing the police, which, under the charging statute[7] and the panel report, constitutes a misdemeanor of the second degree. (C.R. at 75.) Although Fabian's contemporaneous convictions of numerous summary offenses might support additional recommitment periods, the panel report does not indicate that the panel considered those offenses when determining the appropriate presumptive range of backtime. Fabian correctly points out that 37 Pa. Code § 75.2 appears to support his claim that the presumptive range for fleeing an officer is three-to-six months (which is the general range for second degree misdemeanors).

Neither Fabian's minimalist brief nor the Board's brief addresses this issue. Recommitment is generally within the discretion of the Board as long as the period does not exceed the presumptive range provided for in the Board's regulation. *Gottschalk v. Pennsylvania Bd. of Prob. and Parole*, 523 A.2d 432, 433 (Pa. Cmwlth. 1987). When the Board's recommitment order exceeds the presumptive range, the Board must provide an explanation. *Id.* The expiration of a recommitment period marks the point at which a parolee may request the Board to grant reparole. *Krantz v. Pennsylvania Bd. of Prob. and Parole*, 698 A.2d 701, 704 (Pa. Cmwlth. 1997), *appeal denied*, 705 A.2d 1312 (Pa. 1998). Although we

---

**(continued…)**

they have a right to a certain date for reconsideration by the Board for reparole. *Bowman v. Pennsylvania Bd. of Prob. and Parole*, 709 A.2d 945, 948 (Pa. Cmwlth.), *appeal denied*, 727 A.2d 1123 (Pa. 1998).

[7] Section 3733 of the Vehicle Code, 75 Pa. C.S. § 3733.

believe that the Board's recommitment period may have exceeded the presumptive range, and that the Board erred by failing to provide an explanation for that departure, we believe that the error in this particular instance is harmless, and does not require remand. The Board's use of a potentially erroneous presumptive range has no bearing in this matter on Fabian's release on reparole or his maximum sentence date. Presumptive ranges for recommitment are pertinent in this case only for the purpose of release on reparole. Here, the Board ultimately reparoled Fabian to his state detainer sentence less than a year following his return to state custody on his original criminal sentences. The Board will presumably apply that entire period to his original sentence. The potential error regarding the twelve month recommitment period does not appear to affect any calculation in this case. Consequently, we see no merit to Fabian's challenge to the Board's determination of the presumptive range.[8]

As to the remaining issues, we agree with the Board's analysis. As we explained above, the Board awarded Fabian credit on his original sentence for the period following the trial court's alteration of the bail terms. As for Fabian's complaint that he was entitled to credit for his street time, we disagree. Fabian

---

[8] *Cf. Gottschalk.* In *Gottschalk*, this Court vacated and remanded a matter to the Board, when the Board failed to explain the reasons why it retained the same recommitment period it had imposed on a parolee after several of the technical violations that initially supported the period had been "deleted." We directed the Board to re-compute the recommitment period or to provide a written statement justifying the deviation from the presumptive range. We could not determine whether the Board erred or had a justification for imposing a period of backtime that does not appear to be within the apparent presumptive range provided for in the Board's regulation. In that matter, the recommitment period covered multiple years, and the parolee may very well have been entitled to seek reparole sooner than the expiration of the period of recommitment the Board imposed.

waived his right to a hearing. Thus, he provided no information that the Board could have considered and that possibly could have persuaded the Board to exercise its discretion under Section 6138(a)(2.1) of the Code, 61 Pa. C.S. § 6138(a)(2.1).[9] Thus, even if the Code generally requires the Board to provide some explanation as to how and why it exercised its discretion under Section 6138(a)(2.1), Fabian, by electing not to provide any evidence at a hearing, precluded the Board from the opportunity to consider facts that might have enabled it to exercise its discretion differently.

Accordingly, we affirm the Board's order.

_____
P. KEVIN BROBSON, Judge

---

[9] Section 6138(a)(2.1) of the Code provides that the Board may, in its discretion, award credit to a parolee for time spent at liberty on parole.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George V. Fabian Jr.,        :
              Petitioner     :
                        :
          v.              :   No. 805 C.D. 2015
                        :
Pennsylvania Board of Probation    :
and Parole,               :
             Respondent   :

## O R D E R

AND NOW, this 25th day of November, 2015, the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

————————————————————
P. KEVIN BROBSON, Judge