IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason Wright,                              :
                    Petitioner            :
                                          :
        v.                                :
                                          :
Pennsylvania Board of                     :
Probation and Parole,                     :    No. 2037 C.D. 2016
                    Respondent            :    Submitted: May 19, 2017


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                          FILED: September 14, 2017


        Jason Wright (Petitioner) petitions for review of an order of the
Pennsylvania Board of Probation and Parole (Board) denying his request for
administrative relief and affirming his recalculation decision. Petitioner contends
the Board improperly extended his maximum sentence. His appointed counsel,
Nicholas E. Newfield, Esquire (Counsel) has petitioned for leave to withdraw his
representation. Upon review, we grant Counsel's request and affirm the Board's
order.

        Petitioner is serving a 15-year sentence in a Pennsylvania state
correctional institution (SCI). His original maximum sentence date was February
15, 2013. He was paroled to a Federal Detainer on March 3, 2004, at which time
3,271 days remained on his sentence. Petitioner was released on parole from his

federal sentence on March 13, 2008 and failed to report to his Pennsylvania parole officer. Petitioner was arrested in Virginia on October 21, 2011, and detained on new criminal charges. The Board lodged a detainer against Petitioner the same day, and he did not post bail. Petitioner was found guilty of the new charges on March 16, 2012 and sentenced on July 31, 2013 to a new term to be served in Virginia. A federal detainer was lodged against him at this time for violating his federal parole. Petitioner was then released to federal authorities and served a 30-month sentence. Petitioner completed this sentence on July 2, 2015, and was returned to custody in Pennsylvania.

The Board denied Petitioner credit for time he was in federal custody, from March 3, 2004 through March 13, 2008. The Board also denied credit from October 21, 2011 to March 25, 2013, and March 25, 2013 through July 2, 2015. The Board further exercised its discretion to deny Petitioner credit for all street time. The Board recalculated Petitioner's maximum sentence date to reflect the remaining balance on his sentence of 3,271 days as of the date he was recommitted in Pennsylvania, July 2, 2015. Thus, his new maximum sentence date is June 15, 2024.

Petitioner filed a petition for administrative review on January 5, 2016 challenging the Board's decision to deny him credit while at liberty on parole, and claiming the Board had improperly denied him credit for time he was held pending charges and when he was paroled to federal custody. The Board affirmed the decision. Petitioner appealed[1] the Board's decision to this Court, and Counsel was

---

[1] Our scope of review is limited to a determination of whether necessary findings are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights of the parolee were violated. Section 704 of the Administrative Agency

appointed. Counsel filed a petition to withdraw and a no merit letter, known as a *Turner/Finley* letter. [2]

## DISCUSSION

We first consider the technical prerequisites imposed upon appointed counsel who wishes to withdraw his or her representation.

> *Turner/Finley* counsel must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw.

---

Law, 2 Pa.C.S. § 704; *Shaffer v. Pennsylvania Board of Probation and Parole*, 675 A.2d 784 (Pa. Cmwlth. 1996).

[2] In *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988), the Pennsylvania Supreme Court, applying *Pennsylvania v. Finley*, 481 U.S. 551 (1987), held that counsel seeking to withdraw from a case in which the right to counsel does not derive from the United States Constitution may provide a "no-merit letter" which details "the nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues were meritless…"

*Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 720–21 (Pa. Super. 2007)).

If appointed counsel's no-merit letter meets the technical requirements, this Court will independently review the merits of the petitioner's claims. *Hughes v. Pennsylvania Board of Probation and Parole,* 977 A.2d 19, 25 (Pa. Cmwlth. 2009).

In the matter *sub judice*, Counsel's no-merit letter does indeed satisfy the technical requirements of *Turner/Finley*. In his letter, Counsel thoroughly analyzed Petitioner's arguments on appeal and explained why each argument lacks merit. Counsel served copies of his no-merit letter and petition to withdraw on Petitioner and advised him of his right to retain private counsel or to proceed *pro se*. Thus, we conclude that Counsel has complied with the technical requirements of *Turner/Finley*. We next consider the merits of the underlying claim.

Petitioner concedes that he is a convicted parole violator, but argues that the Board erred when it recalculated his maximum sentence date. Specifically, Petitioner alleges that the Board failed to properly credit time served by Petitioner when he was incarcerated under the Board's detainer, and caused the Petitioner to serve consecutive, instead of concurrent, sentences.

First we address Petitioner's claim that he was improperly denied credit for time served. Petitioner seeks credit for the time he was paroled to a federal detainer from March 3, 2004 through March 13, 2008. Petitioner argues that he should be given credit towards his original sentence for the time during which he was serving his federal sentence. Petitioner argues that the four years he spent in federal custody was not time at liberty on parole, but instead constructive

4

parole, which must be counted as time served concurrently with his original sentence.

It is well established that an offender on constructive parole is considered to be, for purposes of his original sentence, at liberty on parole. *Bowman v. Pennsylvania Board of Probation and Parole,* 709 A.2d 945, 948 (Pa. Cmwlth. 1998). An offender who is paroled from his original sentence to begin serving a new sentence is considered to be on constructive parole. *Merritt v. Pennsylvania Board of Probation and Parole,* 574 A.2d 597, 598, n.1 (Pa. 1990). At liberty on parole does not mean liberty from all confinement, but instead liberty from confinement as to the particular sentence from which the offender is paroled. *Cox v. Pennsylvania Board of Probation and Parole,* 493 A.2d 680 (Pa. 1985). In the instant case, Petitioner was paroled in order to serve a federal sentence. Thus, he was on constructive parole, and is considered to be at liberty on parole for the purposes of his original sentence from March 3, 2004 through March 13, 2008.

It is also well-settled that the Board has the authority to forfeit time at liberty on parole when a parolee is recommitted as a convicted parole violator. Section 6138(a) of the Prisons and Parole Code states that a convicted parole violator "shall be given no credit for the time at liberty on parole," unless the Board, in its discretion, decides to award such credit. 61 Pa.C.S. § 6138(a).[3]

---

[3] Section 6138(a) of the Prisons and Parole Code states, in relevant part:

(a) Convicted violators.—

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the

5

Instantly, the Board chose not to award such credit. Because the Board's authority to deny credit for time at liberty on parole was clear, we agree with Counsel that Petitioner's petition for review arguing the Board unlawfully extended his maximum sentence date is devoid of merit.

Next, Petitioner argues that the Board erred in its recalculation of his maximum sentence date by causing Petitioner to serve consecutive, instead of concurrent, time when it denied credit for time served for other charges. Petitioner argues that he is entitled to credit from October 21, 2011 to March 25, 2013, when he was held on a new offense in Virginia and by the Board's detainer. He also argues he is entitled to credit for the period between March 25, 2013 through July 2, 2015 when he was confined by federal authorities for his violation of federal parole. He therefore concludes that the Board improperly extended his maximum sentence date, and thus caused him to unlawfully serve consecutive sentences, when it failed to grant credit for these periods of time.

The Commonwealth has the power to retake and hold in custody without further proceedings any parolee charged after his parole with an additional offense. 61 Pa.C.S. § 6137. When a parolee is arrested on new charges, he may

---

discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole . . . .

61 Pa.C.S. § 6138(a).

lose credit for any time at liberty on parole that he has accumulated. *Houser v. Pennsylvania Board of Probation and Parole,* 682 A.2d 1365, (Pa. Cmwlth. 1996). The Board additionally may take away credit for all previously accumulated and credited street time. *Krantz v. Pennsylvania Board of Probation and Parole,* 698 A.2d 701 (Pa. Cmwlth. 1997). An offender may only receive credit against a sentence for time spent in custody for the particular charges for which the sentence is imposed. 42 Pa.C.S. §9760(1).

It was within the sound discretion of the Board to deny Petitioner credit towards his maximum sentence date for time he was held pending other charges. The extension of Petitioner's maximum sentence date was not the imposition of an unlawful concurrent sentence. Here, Petitioner was held in the first period on a new offense and the Board's detainer. Petitioner did not post bail on the new offense, and was thus properly determined by the Board to be held pending the new offense, and not solely on the detainer of the Board. The Board thus properly denied Petitioner credit for this time. Petitioner was additionally held in federal custody for violating federal parole. This period of incarceration was for an offense other than that for which his original sentence was imposed. Therefore, the Board properly denied Petitioner credit for this time. Petitioner's claim that the Board unlawfully extended his maximum sentence date is without merit.

Accordingly, we grant Counsel's petition to withdraw his representation and affirm the Board's order.

_____
JOSEPH M. COSGROVE, Judge

7

Jason Wright, :
                Petitioner :
                 :
        v. :
                 :
Pennsylvania Board of :
Probation and Parole, : No. 2037 C.D. 2016
          Respondent :

## O R D E R

AND NOW, this 14th day of September, 2017, the petition for leave to withdraw as counsel filed by Nicholas E. Newfield, Esquire, in the above-captioned matter is hereby granted and the order of the Pennsylvania Board of Probation and Parole is affirmed.

 

_____
JOSEPH M. COSGROVE, Judge