Edward M. Morris, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Timothy P. Wile,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, September 9, 1983:

Petitioner Edward M. Morris has appealed from an action of the Pennsylvania Board of Probation and Parole, dated April 19, 1983, refusing to reduce the amount of his previous street time on parole which was forfeited when the board recommitted him as a convicted parole violator. The question is whether the board must confine the forfeiture to the period of street time which followed an earlier board action continuing him on parole after a revocation hearing.

After the petitioner had served one year of a one-to-five-year term for robbery, the board paroled him to a detainer sentence, under which he remained incarcerated until paroled to the street on January 20, 1980. After the petitioner was convicted of new burglary charges in September, 1980, the board proceeded with a revocation hearing while the petitioner apparently remained free under bail, and, by order of June 5, 1981, ordered him continued on parole.

Beginning January 26, 1982, the petitioner was reincarcerated on new charges, as to which he was

later convicted. After a series of board revocation hearings, some of which were continued for the purpose of providing counsel, the board, by order of February 24, 1983, ordered him recommitted as a technical parole violator to serve eighteen months backtime, and as a convicted parole violator to serve twenty-seven months backtime, forfeiting street time under section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331.21a(a), which provides that if recommitment is ordered for a convicted parole violator, "he shall be given no credit for the time at liberty on parole."

The petitioner contends that his street time from January 20, 1980 to June 5, 1981 should be credited as sentence served and not forfeited, on the ground that the June 5, 1981 order continuing him on parole was actually a reparole which seals off from forfeiture the street time which preceded it.

For the proposition against forfeiting the earlier period of street time, the petitioner's brief offers no authority other than an unsubstantiated claim that the board has previously followed such an interpretation of section 21.1(a).

We find no authority for the proposition espoused. Board counsel correctly points out that such an application of the section would benefit a parolee who committed a technical parole violation and then received a reparole in the middle of a period of freedom, by shielding him from forfeiture of the street time which preceded the technical violation, while affording no such benefit to a parolee who is free on parole for a like total period, but who commits no technical violation.

The board order is affirmed.

ORDER

Now, September 9, 1983, the order of the Board of Probation and Parole, dated April 19, 1983, is affirmed.