516 A.2d 838

Troy Andrews, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs August 27, 1986, to Judges
CRAIG and PALLADINO, and Senior Judge BARBIERI, sit-
ting as a panel of three.

*David M. McGlaughlin, Ellis and Newman, P.C.*, for
petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with
him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, October 23,
1986:

This is an appeal by Troy Andrews who petitions for
review of an order of the Pennsylvania Board of Proba-
tion and Parole (Board). That Board order denied his
administrative appeal and affirmed the Board's exten-

sion of the maximum term expiration date of his original two to ten year sentence. We affirm.

The facts are not in dispute. Andrews was initially sentenced in Philadelphia County Common Pleas Court to a term of two to ten years as a result of his conviction of the offenses of Robbery[1] and Burglary.[2] The original maximum term expiration date of that sentence was August 6, 1981. The Board granted him parole effective August 6, 1973 at which time he was released from the State Correctional Institution at Graterford (SCI-Graterford). On December 16, 1974, Andrews was arrested on new criminal charges and subsequently convicted and returned to prison by the Board as a convicted parole violator. At that time, the Board extended his sentence's maximum term under the mandate of Section 21.1(a) of the Act of August 6, 1941 (Parole Act), P.L. 861, added by the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a(a), to December 28, 1982, thus denying him credit against that sentence for time he spent "at liberty" on parole. The Board reparoled him on this sentence effective June 24, 1976, at which time he was again released from SCI-Graterford.

On July 22, 1977, Andrews was arrested by Philadelphia Police and charged with Possession of a Controlled Substance.[3] He was subsequently convicted in Philadelphia Municipal Court and sentenced on March

---

[1] Section 705 of the Penal Code of 1939, Act of June 24, 1939, *as amended,* repealed by the Act of December 6, 1972, P.L. 1482, *formerly* 18 P.S. §4705. A similar provision is now found at 18 Pa. C. S. §3701.

[2] Section 901 of the Penal Code of 1939 (repealed), *formerly* 18 P.S. §4901. A similar provision is now found at 18 Pa. C. S. §3502.

[3] Section 13 of the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §780-113.

6, 1978 to five years probation. The Board, for reasons which Andrews disputes, did not charge him with being a convicted parole violator and on October 16, 1978, he absconded from parole supervision. The Board took administrative action to declare him delinquent as of that date. He was arrested on June 27, 1979, and the Board subsequently recommitted him as a technical parole violator. At that time, the Board also extended the maximum term of his original sentence to September 9, 1983, pursuant to Section 21.1(b) of the Parole Act, 61 P.S. §331.21a(b),[4] to deny him credit against that sentence for the time he was in absconder status. The Board again reparoled him on this sentence effective July 15, 1980.

On March 12, 1981, Andrews was arrested by Philadelphia Police and charged with Involuntary Deviate Sexual Intercourse,[5] Simple Assault,[6] Indecent Assault,[7] Indecent Exposure,[8] and Possession of an Instrument of Crime.[9] He was subsequently convicted of those charges in Philadelphia Common Pleas Court and sentenced to a term of three to ten years. The Board provided him a parole Violation/Revocation Hearing and on April 13, 1983, the Board revoked his parole and recommitted him as a technical and convicted parole violator to serve his unexpired term of the two to ten year sentence. The Board also extended the maximum term

---

[4] 61 P.S. §331.21a(b) allows technical parole violators credit against their original sentences for street time earned in good standing. The statute does, however, deny technical parole violators credit against their original sentences for time the parolee was delinquent while on parole or an absconder from parole supervision.

[5] 18 Pa. C. S. §3123.

[6] 18 Pa. C. S. §2701.

[7] 18 Pa. C. S. §3126.

[8] 18 Pa. C. S. §3127.

[9] 18 Pa. C. S. §907.

expiration date of that sentence to July 21, 1988. He appealed that part of the Board's order calculating his new maximum term expiration date and on October 4, 1985, the Board ordered an evidentiary hearing held. A hearing on the limited issue of time credit was held on November 14, 1985 at SCI-Graterford before a Board hearing examiner. *See* Wile, *Probation and Parole,* 57 Pa. B.A.Q. 152, 156 (1986) (where time credit issues arise following issuance of parole revocation order, Board practice is to hold an evidentiary hearing to resolve factual issues pertaining to parolee's time credit claim). Following that evidentiary hearing, the Board affirmed its prior calculation of Andrews' maximum term and, on February 5, 1986, denied his administrative appeal. Petition for review to this Court followed.

In this appeal, Andrews argues: (1) the Board waived its authority to deny him credit for time spent at liberty on parole, commonly referred to by parolees and the Board as "street time," from June 24, 1976 through October 16, 1978, by its failure to recommit him as a convicted parole violator and deny him credit for such time when it recommitted him following his June 27, 1979 parole Violation Hearing; (2) that it is collaterally estopped from extending his maximum term by denying him credit for street time earned between June 24, 1976 through October 16, 1978, by its failure to act upon his Municipal Court drug conviction; and (3) the Board violated his due process rights in extending his maximum term by denying him credit against his sentence for the street time he earned between June 24, 1976 and October 16, 1978. We shall discuss these issues *seriatim.*[10]

---

[10] Our scope of review of a Board parole revocation order is limited to determining whether the Board's findings are supported by substantial evidence, an error of law committed, or whether any of the parolee's constitutional rights were violated. Section 704 of

Andrews' initial contention is the Board, by failing to act upon his Municipal Court drug conviction when it recommitted him as a technical parole violator in 1979 and subsequently reparoled him in 1980, waived its power to deny him credit for street time he earned prior to that recommitment and reparole. He argues the Board's power to deny a parolee credit for street time earned prior to a parole violation under 61 P.S. §331.21a(a) may be waived by the Board. We disagree.

We note Andrews does not contend the Board's action in recommitting him as a technical parole violator in 1979 and its subsequent grant of reparole to him in 1980 shields him from the loss of street time earned prior to that techical parole violation. In *Morris v. Pennsylvania Board of Probation and Parole,* 77 Pa. Commonwealth Ct. 85, 465 A.2d 97 (1983), we rejected just such a contention. *See also Anderson v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 574, 472 A.2d 1168 (1984). Andrews distinguishes his situation from that in *Morris* by pointing out that the parolee in *Morris* was charged only with technical parole violations in his prior recommitment while he had a new criminal conviction which exposed him to being recommitted as a convicted parole violator in addition to a technical parole violator. It is the Board's failure to act upon that conviction, Andrews argues, that constitutes the waiver of the Board's ability to deny him credit for the street time earned between June 24, 1976 and October 16, 1978, thus shielding that street time from future forfeiture in the event of another conviction. Our review of Section 21.1(a) of the Parole Act convinces us that no such waiver occurred by the Board's

the Administrative Agency Law, 2 Pa. C. S. §704; *Zazo v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

failure to recommit him as a convicted parole violator for his Municipal Court drug conviction.

Section 21.1(a) of the Parole Act deals with the power of the Board to revoke the paroles of parolees who are convicted of crimes committed while on parole. The pertinent part of the statute reads as follows:

> (a) Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, *may, at the discretion of the board,* be recommitted as a parole violator. *If his recommitment is so ordered,* he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, *and he shall be given no credit for the time at liberty on parole.* (Emphasis added.)

The statutory language clearly gives the Board the power not to revoke the parole of a parolee who is convicted of a crime committed while on parole. The revocation of parole is clearly not mandatory under Section 21.1(a) where a parolee is convicted of a crime committed while on parole. The General Assembly has vested in the Board the discretion to continue such parolees on parole where warranted by the circumstances of the new conviction and the parolee's adjustment history while on parole. If the Board, in the exercise of its discretion, decides not to recommit a parolee who was convicted of a new offense, the parolee does not lose credit for the street time accumulated while on parole. The statute clearly mandates the loss of street

time only where the Board chooses to recommit the parolee as a convicted parole violator. Since the Board exercised its discretion and declined to recommit Andrews as a convicted parole violator for his Municipal Court drug conviction, he received credit for his street time against his sentence's maximum term. That exercise of discretion by the Board with respect to that conviction does not shield his street time from possible forfeiture in the event he is reparoled and subsequently is convicted of a new crime committed while on parole.

Our conclusion that no such waiver is possible is compelled by the language of Section 21.1(a). Where the Board determines that a parolee who has been convicted of a crime committed while on parole should be recommitted to prison, the General Assembly has given the Board no discretion with respect to the credits to which a convicted parole violator is entitled against the sentence's maximum term. Section 21.1(a) clearly mandates that a convicted parole violator shall serve the "remainder of the term" originally imposed that the parolee would have been required to serve "had he not been paroled" with the parolee receiving "no credit for the time at liberty on parole." It is well-settled under Pennsylvania law that the sentence imposed for a criminal offense is the maximum term, the minimum term being merely a parole eligibility date. *Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 38, 483 A.2d 1044 (1984). The language of the statute clearly shows the General Assembly intended to deny convicted parole violators credit against their sentences' maximum terms for any street time accumulated while on parole. Since the forfeiture of street time upon recommitment as a convicted parole violator is mandated by statute, that forfeiture cannot be waived by the Board. Just as it is the province of the General Assembly to determine the punishment imposable for

criminal conduct, *Commonwealth v. Wright,* 508 Pa. 25, 494 A.2d 354 (1985), *aff'd, McMillan v. Pennsylvania,* U.S. , 91 L.Ed. 2d 67 (1986), it is likewise the province of the General Assembly to determine what parole time should be credited against a sentence's maximum term. *See Commonwealth ex rel. Neiswender v. Dressel,* 89 Pa. D. & C. 106 (C.P. Lehigh 1954). *Cf. Commonwealth ex rel. Meinzer v. Smith,* 118 Pa. Superior Ct. 250, 180 A. 179 (1935) (General Assembly has authority to determine what credits should be given against a convict's sentence where parole is revoked under Section 10 of the Act of June 19, 1911, P.L. 1055, *as amended,* repealed by the Act of April 28, 1978, P.L. 202, *formerly* 61 P.S. §305). Since the language of Section 21.1(a) is clear in mandating convicted parole violators receive no credit for street time, we may not disregard it under the pretext of pursuing its spirit. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b). Andrews' waiver argument must, therefore, be rejected.

Andrews next argues the Board is precluded from denying him credit for his street time earned from June 24, 1976 through October 16, 1978 by the principle of collateral estoppel. It is clear collateral estoppel is not applicable to this case. Four elements are necessary to invoke the doctrine of collateral estoppel: (1) the issue decided in the prior adjudication is identical to the one presented in the later action; (2) there was a final judgment on the merits; (3) the party who is to be estopped was a party or in privity with a party to the prior adjudication; and (4) the party who is to be estopped had a full and fair opportunity to litigate the issue in question in the prior action. *Nickens v. Pennsylvania Board of Probation and Parole,* 93 Pa. Commonwealth Ct. 313, 502 A.2d 277 (1985). Here, there is no identity of issues. The issue in the 1979 parole Violation Hearing

was whether Andrews violated the terms and conditions of his parole. Since the Board did not proceed against the new conviction, the forfeiture of his street time was never at issue. Since the forfeiture of street time was not at issue, there was no final adjudication on the merits nor a full and fair opportunity to litigate the question in the prior action. Collateral estoppel is clearly inapplicable.

Andrews' final contention is that the Board has violated his due process rights by waiting until 1983 to require him to forfeit his street time credit earned from June 24, 1976 through October 16, 1978. This contention is completely without merit. Andrews articulates no constitutional right which was violated nor any prejudice he suffered as a result of the Board's decision not to recommit him as a convicted parole violator for his Municipal Court drug conviction. Indeed, it is difficult to imagine how a parolee could be prejudiced by the Board exercising its discretion in his favor and allowing him to retain credit for street time accumulated while on parole in the face of a new criminal conviction. The Board's actions in 1979 to refrain from recommitting Andrews for his drug conviction and in 1983 when it recommitted him as a convicted parole violator for his subsequent convictions were well within the Board's discretion. The forfeiture of street time credit upon recommitment as a convicted parole violator is mandated by statute and that forfeiture is well within the province of the General Assembly to mandate. *See Wright; Neiswender*. Andrews' constitutional argument must be rejected.

Having disposed of all of Andrews' contentions in favor of the Board, we shall affirm its denial of administrative relief and its calculation of Andrews' maximum term expiration date.

ORDER

Now, October 23, 1986, the Order of the Pennsylvania Board of Probation and Parole at Parole No. 7627-H, dated February 5, 1986, which denied administrative relief to Troy Andrews and affirmed the Board's calculation of his maximum term expiration date of his parole sentence as July 21, 1988, is hereby affirmed.