# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Louis Jones,                                    :
                   Petitioner                :
                                 :
              v.                          :   No. 1149 C.D. 2015
                                 :   Submitted: October 21, 2016
Pennsylvania Board of Probation and             :
Parole,                                         :
               Respondent               :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**           **FILED: February 28, 2017**


Louis Jones (Jones) petitions for review of the June 4, 2015 Order of the Pennsylvania Board of Probation and Parole (Board) that denied his administrative appeal and petition for administrative review and affirmed the Board's May 11, 2015 Decision recommitting Jones as a convicted parole violator (CPV) and recalculating his maximum date as April 25, 2021. Jones is represented by Douglas J. Campbell, Esquire (Counsel), First Assistant Public Defender of Clearfield County. Counsel has filed a Petition for Withdrawal of Appearance (Application to Withdraw) and No-Merit Letter, which are based on his conclusion that the issues raised in Jones' Petition for Review are without merit. For the

following reasons, we grant Counsel's Application to Withdraw and affirm the Board's Order.

The Board granted Jones parole from his original sentence on May 15, 2003, and he was released on July 21, 2003, with a maximum date of April 15, 2013. (C.R. at 4, 10.) Thereafter, Jones was convicted of a new crime and, by decision mailed March 31, 2005, the Board recommitted Jones as a CPV to serve 24 months backtime and recalculated his maximum date to December 18, 2014. (C.R. at 13.) Jones was reparoled by Board action of December 14, 2007, and released on January 14, 2008, to serve his sentence on that new criminal conviction. (C.R. at 18, 20-21, 23.) Jones completed that sentence and, on April 11, 2012, was released to continue serving his parole on the original sentence. (Moves Report, C.R. at 114.)

On October 18, 2013, Jones was arrested on suspicion of robbery and held at Lebanon County Prison. (C.R. at 32.) The Board issued a Warrant to Commit and Detain on the same day. (C.R. at 29.) Jones did not post bail on the new charges. (Magisterial District Judge Docket Number MJ-52201-CR-0000304-2013, C.R. at 34-35.) Jones pleaded guilty to two counts of robbery[1] on July 24, 2014, and was sentenced to serve 6-to-15 years in a State Correctional Institution (SCI) on September 3, 2014. (Court of Common Pleas of Lebanon County Criminal Docket Number CP-38-CR-0001773-2013 at 3, C.R. at 99.)

---

[1] Section 3701(a)(1)(ii) and (vi) of the Crimes Code, 18 Pa. C.S. § 3701(a)(1)(ii), (vi) ("A person is guilty of robbery if, in the course of committing a theft, he . . . (ii) threatens another with or intentionally puts [the person] in fear of immediate serious bodily injury" or "(vi) takes or removes the money of a financial institution without the permission of the financial institution by making a demand of an employee of the financial institution orally or in writing with the intent to deprive the financial institution thereof.").

The Board issued a Notice of Charges and Hearing indicating that a revocation hearing would be held based on Jones' new criminal conviction. (C.R. at 61.) Jones requested a panel hearing, at which he was represented by the local public defender. (C.R. at 62-64, 77.) Following the hearing, the Board issued its Decision, mailed May 11, 2015, recommitting Jones as a CPV to serve 36 months backtime and recalculated his maximum date to April 25, 2021. (C.R. at 117-18.) The Board provided Jones 104 days credit between January 4, 2013 and April 18, 2013, when he was confined at SCI-Camp Hill on a Board detainer, but did not provide Jones credit for any time spent at liberty on parole. (C.R. at 67, 115.) The Board determined that, after giving Jones 104 days' credit, he owed 2,426 days on his original sentence. (C.R. at 115.) Adding that time to September 3, 2014, when Jones returned to Department of Corrections' custody, Jones' new maximum date was April 25, 2021. (Id.)

Jones filed an administrative appeal and petition for administrative review asserting that the Board committed an error of law, violated the constitution, and miscalculated his maximum date because it "[t]ook street time on pr[i]or violation [which] is [an] error of law and due process." (C.R. at 134.) Jones further alleged, without elaboration, that his reparole eligibility was improperly calculated. (Id.) The Board denied Jones' appeals in its June 4, 2015 Order, holding that it correctly recalculated his maximum date pursuant to Section 6138(a)(2) of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6138(a)(2),[2] as amended, and Gaito v. Pennsylvania Board of Probation and Parole, 412 A.2d 568 (Pa. 1980) because: as

_____

[2] Section 6138(a)(2) provides that if a parolee is recommitted as CPV he "shall be reentered to serve the remainder of the term which the parolee would have been compelled to service had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole." 61 Pa. C.S. § 6138(a)(2).

3

a CPV, Jones automatically forfeited his time at liberty on parole; and it gave him credit for the time he was confined solely on the Board's warrant. (C.R. at 136.)

Jones filed his pro se Petition for Review of the Board's Order on June 12, 2015,[3] and this Court appointed the Public Defender of Clearfield County to represent Jones. In his pro se Petition for Review, Jones argues that the Board: impermissibly altered his judicially imposed sentence by extending his maximum date; and entered into an illegal contract with Jones that would extend Jones' judicially imposed sentence as punishment for violating parole. (Petition for Review.) Counsel entered his appearance on September 29, 2015. (No-Merit Letter at 1.) Counsel did not file an Amended Petition for Review on Jones' behalf. Counsel previously filed an application to withdraw and no-merit letter, which this Court denied on July 8, 2016, because it did not address the issues Jones raised in his pro se Petition for Review. We directed Counsel to file either a renewed application to withdraw and amended no-merit letter or a brief on the merits of Jones' Petition for Review. Counsel has filed a renewed application to withdraw and amended no-merit letter for this Court's consideration.

In order to withdraw, "counsel . . . must provide a 'no-merit' letter[4] which details 'the nature and extent of [counsel's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" Zerby v. Shanon, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (quoting Commonwealth v. Turner, 544 A.2d 927, 928 (Pa. 1988)). "[C]ounsel must fully

---

[3] In reviewing the Board's orders, our review "is limited to determining whether the Board's findings are supported by substantial evidence, [whether] an error of law [was] committed, or whether any of the parolee's constitutional rights were violated." Andrews v. Pa. Bd. of Prob. and Parole, 516 A.2d 838, 841 n.10 (Pa. Cmwlth. 1986).

[4] A no-merit letter is frequently referred to as a Turner letter based upon the Pennsylvania Supreme Court's decision in Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988).

comply with the procedures outlined in <u>Turner</u> to ensure that each of the petitioner's claims has been considered [by counsel] and that counsel has [] substantive reason[s] for concluding that those claims are meritless." <u>Hont v. Pa. Bd. of Prob. and Parole</u>, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). Counsel also is required to "notify the parolee of his request to withdraw, furnish the parolee with [] a copy of . . . [the] no-merit letter satisfying the requirements of <u>Turner</u>, and inform the [petitioner] of his right to retain new counsel or submit a brief on his own behalf." <u>Reavis v. Pa. Bd. of Prob. and Parole</u>, 909 A.2d 28, 33 (Pa. Cmwlth. 2006) (internal citations omitted). If counsel satisfies these requirements, this Court will then conduct an independent review of the merits of the petition for review to determine if it lacks merit. <u>Zerby</u>, 964 A.2d at 960.

At the outset, we conclude that Counsel has complied with the technical requirements of <u>Turner</u>. First, Counsel complied with the notice requirements by serving Jones with a copy of the Application to Withdraw and the No-Merit Letter, and by advising Jones that he could retain other counsel or file a brief on his own behalf. (Application to Withdraw ¶¶ 3, 4, Proof of Service.) Next, Counsel indicates that he has reviewed the certified record and describes which Board Order Jones is challenging and the relevant time periods for which Jones previously sought credit from the Board, which sufficiently demonstrates that Counsel has thoroughly reviewed the record. Finally, Counsel's No-Merit Letter contains a discussion of relevant statutory authority and case law to support his conclusion that Jones' issues are without merit, as well as indicating that Jones did

5

not respond to Counsel's letter requesting more detail on the "illegal contract" claim.[5] (No-Merit Letter; No-Merit Letter, Ex. A.)

Having concluded that Counsel has complied with <u>Turner</u>'s technical requirements, we now conduct an independent review of the merits of Jones' arguments to determine whether to grant Counsel's Application to Withdraw and affirm the Board's Order. The Court will do so only if we determine that Jones' Petition for Review lacks any basis in either law or fact. <u>Commonwealth v. Santiago</u>, 978 A.2d 349, 356 (Pa. 2009) (citing <u>McCoy v. Court of Appeals of Wisconsin, District 1</u>, 486 U.S. 429, 438 n.10 (1988)).

Jones first argues that the Board impermissibly extended his judicially imposed sentence when it recalculated his maximum date based on his recommitment as a CPV and the Board's decision not to give him credit for the time he spent at liberty on parole. However, as Counsel notes in his No-Merit Letter, because Jones was recommitted as a CPV, the Board was authorized by Section 6138(a)(2) of the Code to deny Jones credit for the time he had spent at liberty on parole and reenter Jones into a SCI to serve the remainder of the term he would have been required to serve had he not been paroled. 61 Pa. C.S. § 6138(a)(2). "[W]hen a parolee is recommitted due to [a] criminal conviction, his maximum sentence date may be extended to account for all street-time, regardless of good or delinquent standing." <u>Richards v. Pa. Bd. of Prob. and Parole</u>, 20 A.3d 596, 599 (Pa. Cmwlth. 2011). The Board does not "usurp[] the judicial function of sentencing" when it refuses to give a parolee credit for the time spent at liberty on

---

[5] Counsel further asserts that Jones seeks credit for particular time periods; however, Jones' generalized credit argument appears to be a part of his overall assertion that the Board impermissibly extended his judicially imposed sentence and that he is entitled to keep his original minimum and maximum sentence date as imposed by the sentencing court.

parole and makes the parolee "serve the unexpired balance of his original maximum sentence." Gaito, 412 A.2d at 570. Furthermore, the Board is not obligated "to diminish the length of the sentence of a recommitted parole[e] by a period equal to the time when the prisoner was on parole." Id. (internal quotation omitted). Accordingly, the Board did not exceed its authority when it recalculated Jones' maximum date to April 25, 2021.

Jones' next argument essentially is that he was compelled to sign an illegal contract with the Board when he was granted parole that allowed it to unlawfully alter Jones' judicially imposed sentence as punishment for violating parole. (Petition for Review at 3-4.) Initially, we note that Jones did not raise this issue before the Board and, therefore, it "[is] waived for purposes of appellate review." McCaskill v. Pa. Bd. of Prob. and Parole, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993). However, even if it was preserved, Jones' argument is without merit. Although Jones is not specific regarding what contract he was referring to in his Petition for Review,[6] we believe he is referring to the "Conditions Governing Parole/Reparole," which outlined what Jones was required to do and not do while on parole and what the consequences would be if he was arrested on new criminal charges, convicted of new criminal charges, or otherwise violated the conditions of his parole/reparole. (C.R. at 7-9, 21-22.) As discussed above, the Board has the authority to recalculate a parolee's maximum date if the parolee is recommitted as a CPV and required to forfeit the time the parolee spent at liberty on parole. By signing the "Conditions Governing Parole/Reparole," Jones and the Board did not enter into a contract that authorized the Board to do something that was prohibited

---

[6] Counsel requested further details from Jones on this argument in a letter to Jones dated July 27, 2016, but Jones did not respond. (No-Merit Letter at 5, Ex. A.)

7

by law. Rather, that document simply placed Jones on notice of what the Board was legally authorized to do should he violate the terms of his parole/reparole, be arrested on new criminal charges, or be convicted of a new crime. Thus, we find no merit to Jones' illegal contract argument.

Accordingly, we grant Counsel's Application to Withdraw and affirm the Board's June 4, 2015 Order.

 

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Louis Jones,                               :
                    Petitioner             :
                                           :
          v.                               :     No. 1149 C.D. 2015
                                           :
Pennsylvania Board of Probation and        :
Parole,                                    :
                    Respondent             :

# **O R D E R**

    **NOW**, February 28, 2017, the Petition for Withdrawal of Appearance filed by Douglas J. Campbell, Esquire, is hereby **GRANTED**, and the June 4, 2015 Order of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is hereby **AFFIRMED**.

 

 

_____
        **RENÉE COHN JUBELIRER,** Judge