# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman Collins,                :

               Petitioner    :

                         :

          v.            :   No. 1648 C.D. 2015

                         :   Submitted:  December 9, 2016

Pennsylvania Board of Probation  :

and Parole,             :

               Respondent  :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**          **FILED:  March 7, 2017**

Norman Collins (Collins) petitions for review of the May 15, 2015 Order of the Pennsylvania Board of Probation and Parole (Board) that denied Collins' administrative appeal and petition for administrative review and affirmed its April 9, 2015 Decision that recommitted Collins to serve 30 months backtime as a convicted parole violator (CPV), recalculated Collins' reparole eligibility date as September 1, 2017, and recalculated Collins' maximum date to May 29, 2020.  On appeal, Collins argues he is entitled to credit against his original sentence for the period between October 22, 2014, and March 1, 2015, and that the Board should have used October 22, 2014, as the beginning date to calculate his backtime and establish his reparole eligibility date.  Collins further asserts that he should be

given credit for this period of time against both his original sentence and a new sentence based on the sentencing order of the Court of Common Pleas of Montgomery County in a subsequent criminal matter.[1]

The relevant facts in this matter are as follows. While on parole from his original sentence, Collins was arrested and charged in Montgomery County with Driving Under the Influence of Alcohol (DUI) on July 8, 2014.[2] (Court of Common Pleas of Montgomery County Criminal Docket No. CP-46-CR-0004980-2014 at 2, C.R. 64.) Collins posted bail that same day. (Id.) On or about July 10, 2014, Collins was arrested and charged in Philadelphia County with robbery, burglary, possession of an instrument of crime, receiving stolen property, and other lesser offenses (Philadelphia Charges). (Court of Common Pleas of Philadelphia County Criminal Docket Nos. CP-51-CR-0009849-9858 (Phila. Crim. Docket), C.R. 76-162.) Collins did not post bail on these charges. (Id.) On July 10, 2014, the Board issued a warrant to detain Collins pending disposition of the Philadelphia Charges. (C.R. at 54.) On October 9, 2014, Collins pleaded guilty to the DUI charge and was sentenced to six months of county probation.

---

[1] Collins' appointed counsel initially filed an Application to Withdraw as Counsel (Application to Withdraw) along with a Turner Letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), which this Court denied. Collins v. Pa. Bd. of Prob. and Parole (Pa. Cmwlth., No. 1648 C.D. 2015, filed July 26, 2016). Counsel was given the opportunity to file a new Application to Withdraw and a Turner Letter or a brief on the merits of Collins' petition for review. Counsel has filed a brief on the merits. However, we note that the brief argues that we are reviewing a determination of the Department of Corrections to not give Collins credit for this time period rather than of the Board.

[2] It appears from the Certified Record that the DUI for which Collins was arrested on July 8, 2014, occurred on March 8, 2014. (Supervision History at 3, C.R. at 57.) Collins' Supervision History indicates that a "Level Two Conference was held on 4-15-14 and it was decided to continue [Collins] under supervision, pending [Collins] continuing in outpatient counseling, weekly reporting schedule[,] and nightly curfew." (Id.) The Supervision History then states that Collins was arrested for this charge on July 8, 2014. (Id.)

2

(Trial/Plea/Sentence, C.R. at 72-73.) On October 22, 2014, Collins pleaded guilty to the Philadelphia Charges and was sentenced to an aggregate 12 ½ to 25 years' imprisonment in a State Correctional Institution (SCI). (Phila. Crim. Docket at 3-5 C.R. at 88-90; Negotiated Guilty Plea, C.R. at 92.) The Norristown Police Department obtained an arrest warrant for Collins on burglary charges[3] (Norristown Charges) on November 13, 2014. (Affidavit of Probable Cause Continuation, C.R. at 197; Notice of Charges and Hearing, C.R. at 198.) Collins subsequently pleaded guilty to the Norristown Charges and was sentenced on June 9, 2015, to one to three years' imprisonment in an SCI for two counts of burglary, with credit for time served from July 9, 2014, through June 9, 2015. (Trial/Plea/Sentence, C.R. at 191-92.) The sentencing order further indicated that this time was to be served "concurrent[ly] to all previously imposed sentences." (Id. at 192.)

While the Norristown Charges were pending, Collins waived his right to a recommitment hearing and admitted to having been convicted of the Philadelphia Charges. (C.R. at 167.) By Decision mailed April 9, 2015, the Board recommitted Collins to serve 30 months of backtime (effective March 1, 2015), recalculated his reparole eligibility date to September 1, 2017, and recalculated his maximum date to May 29, 2020. (C.R. at 187-88.) Collins filed an administrative appeal and petition for administrative review, arguing that he was entitled to credit against his backtime for the period between October 22, 2014, (when he was sentenced on the Philadelphia Charges) and March 1, 2015, (when the Board voted to recommit him). (C.R. at 203-08.) He further asserted that his reparole eligibility date should be calculated from October 22, 2014, and, therefore, he should be eligible for

_____

[3] These charges are apparently unrelated to the Philadelphia Charges.

reparole on April 23, 2017. (Id.) By Order mailed May 15, 2015, the Board affirmed its April 9, 2015 Decision. (C.R. at 210-11.) Collins then petitioned this Court for review of the May 15, 2015 Order.[4]

After the Board issued its May 15, 2015 Order, the Board convened another revocation hearing on September 18, 2015, based on Collins' conviction of the Norristown Charges. (C.R. at 198-200; Supplemental Certified Record 1[5] (Supp. C.R. 1) at 12A.) Following that hearing, the Board gave Collins credit against his original sentence for the period from October 22, 2014, to June 9, 2015. (Supp. C.R. 1 at 22A.) By decision mailed April 19, 2016, the Board recommitted Collins to serve 24 months backtime, to run concurrently with the previously imposed 30 months backtime, and recalculated his maximum date to January 20, 2020,[6] and his reparole eligibility date to April 21, 2017. (Supp. C.R. 1 at 20A-22A.) There is no indication in the records certified to this Court that Collins challenged the April 19, 2016 Decision.

On appeal, Collins first argues he is entitled to credit against his original sentence for the period between October 22, 2014, and March 1, 2015, and that the

---

[4] In reviewing the Board's orders, our review "is limited to determining whether the Board's findings are supported by substantial evidence, [whether] an error of law [was] committed, or whether any of the parolee's constitutional rights were violated." Andrews v. Pa. Bd. of Prob. and Parole, 516 A.2d 838, 841 n.10 (Pa. Cmwlth. 1986).

[5] The Board filed two Supplemental Certified Records with this Court on October 20, 2016, and October 28, 2016, respectively. After each supplemental record was filed, this Court issued an order granting Collins' counsel the opportunity to file a supplemental brief. No additional briefs were filed.

[6] We note that the Board's April 19, 2016 Decision states that Collins' new maximum date would be January 19, 2020, but the Board's Order to Recommit indicates that this date should be January 20, 2020. (Supp. C.R. 1 at 20A-22A.) Adding the 1,686 days remaining on Collins' original sentence to June 9, 2015, the date he was returned to custody, results in a new maximum date of January 20, 2020. (Supp. C.R. 1 at 22A.)

Board should have used October 22, 2014, as the beginning date to calculate his backtime and calculate his reparole eligibility.[7] However, in its April 19, 2016 Decision, the Board gave Collins credit against his original sentence for the time between October 22, 2014, and June 9, 2015, which includes the October 22, 2014, to March 1, 2015, period he asserts he is owed, and recalculated Collins' new maximum date to January 20, 2020, to reflect that credit. (Id.) Additionally the Board changed Collins' reparole eligibility date from September 1, 2017, to April 21, 2017, which reflects that the Board began running Collins' 30 months of backtime from October 22, 2014.[8] (Id.) Therefore, because Collins has received the relief requested, these issues have been rendered moot.

Collins further asserts that he should be given credit for this period of time against *both* his new sentence on the Norristown Charges *and* his original sentence because the sentencing order for the Norristown Charges provided that his new sentence was to run concurrently with any existing sentences citing Commonwealth ex rel. Powell v. Department of Corrections, 14 A.3d 912 (Pa. Cmwlth. 2011). Powell does not support Collins' assertion, particularly in light of this Court's recent decision in Kerak v. Pennsylvania Board of Probation and

---

[7] Collins also argues that there were two other periods of incarceration, December 13, 2013, to July 16, 2014, and July 16, 2014, to October 3, 2014, for which he is also entitled to credit. However, these dates, which were referenced in the Board's May 15, 2015, Order, appear to be typographical errors as there is no reference in the record to Collins being separately detained on these dates. (See Board's Br. at 16 n.1 (describing how this error, and the Board's erroneous mention of Collins having 935 days remaining on his original sentence in the May 15, 2015, Order, are typographical errors).) Accordingly, we will not give Collins credit for these dates.

[8] April 21, 2017, is 30 months from October 22, 2014, and September 1, 2017, is 30 months from March 1, 2015.

Parole, __ A.3d __ (Pa. Cmwlth., No. 406 C.D. 2015, filed November 10, 2016) (en banc).

In Powell, an inmate filed a petition for mandamus against the Department of Corrections (Department) seeking to compel the Department to recalculate his prison sentence so that, in accordance with the two sentencing courts' sentencing/resentencing orders, two of his sentences would run concurrently with a third sentence. Id. at 914-15. We granted the petition and directed the Department to comply with the orders as written, *which were not on their face incompatible with any law*,[9] rather than on an after-the-fact "clarification" issued by one of the sentencing judges in response to a Department inquiry occurring after the expiration of 30-day period that the sentencing court retained jurisdiction to modify the sentencing order. Id. at 916-18. This Court recently reaffirmed, in Kerak, __ A.3d at __, slip op. at 13, that, pursuant to Section 6138(a)(5) of the Code,[10] a new sentence cannot run "concurrently with the service of the backtime

---

[9] This Court observed, in Powell, that it was not a situation where requiring the Department to apply the orders as written would have required the Department to honor an illegal order in contravention of Fajohn v. Department of Corrections, 692 A.2d 1067 (Pa. 1997). In Fajohn, the Supreme Court held that the Department could not be required to give a prisoner credit on a new sentence for time being served on an unrelated charge that the prisoner was serving when convicted of the new charge, despite a sentencing order directing it to do so, because the sentencing court was precluded from awarding such credit under the Pennsylvania Rules of Criminal Procedure. Id. at 1068. The Supreme Court held that mandamus will not lie to compel the Department to abide by an illegal sentencing order. Id.

[10] Section 6138(a)(5) provides, in relevant part, that:

If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

*(Continued…)*

owed on his original sentence, notwithstanding [a sentencing court's] order to the contrary." Thus, unlike in Powell where complying with the sentencing orders would not have violated the law, interpreting the sentencing order on the Norristown Charges the way Collins requests would be contrary to Section 6138(a)(5) of the Parole Code and Kerak. Therefore, we cannot give Collins credit for this time period against both his original sentence and his new sentence on the Norristown Charges.

Accordingly, to the extent that the April 19, 2016 Decision gives Collins the credit and reparole eligibility date he has requested in this petition for review, we affirm.

_____
**RENÉE COHN JUBELIRER,** Judge

---

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

(ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

(iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. § 6138(a)(5).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman Collins,                          :
                          Petitioner     :
                                         :
             v.                          :      No. 1648 C.D. 2015
                                         :
Pennsylvania Board of Probation          :
and Parole,                              :
                          Respondent     :

## **O R D E R**

**NOW**, March 7, 2017, the May 15, 2015, Order of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is hereby affirmed in accordance with the foregoing opinion.

_____
**RENÉE COHN JUBELIRER,** Judge