# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marlon Christophe Headley,        :
               Petitioner       :
                                 :
           v.                :     No. 2553 C.D. 2015
                                 :     Submitted: January 27, 2017
Pennsylvania Board of Probation and  :
Parole,                               :
            Respondent    :


BEFORE:     **HONORABLE RENÉE COHN JUBELIRER,** Judge
                  **HONORABLE JULIA K. HEARTHWAY,** Judge
                  **HONORABLE DAN PELLEGRINI,** Senior Judge


<u>**OPINION NOT REPORTED**</u>


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**               **FILED: May 2, 2017**

Marlon Christophe Headley petitions for review of the Order of the Pennsylvania Board of Probation and Parole (Board) that denied Headley's Administrative Appeal and affirmed the Board's Decision mailed on June 16, 2015, recommitting Headley as a technical parole violator (TPV) and convicted parole violator (CPV), imposing a total of 24 months backtime, and recalculating Headley's maximum date to January 13, 2020. On appeal, Headley argues that: the Board erred in recalculating his maximum date as January 13, 2020, without giving him credit for the time he spent incarcerated in another state while he was on parole; and the Board should have held an evidentiary hearing to determine

whether he should be given credit toward his original sentence for the time he spent in a halfway house.[1]  Upon review, we affirm.

Headley was sentenced to 5-to-10 years effective March 19, 2007, for Aggravated Assault with Serious Bodily Injury and Criminal Trespass – Buildings and Occupied Structures, and his original minimum and maximum dates were March 19, 2012 and March 19, 2017, respectively.  (C.R. at 1-2.)  The Board conditionally paroled Headley, subject to any detainers,[2] on May 24, 2012.  (Id. at 7-8, 12, 18.)  Headley was released from a State Correctional Institution (SCI) to Community Corrections Center #2 (CCC) in Philadelphia on May 24, 2012.  (Id. at 13-15.)

Sometime prior to September 19, 2013, Headley was released from the CCC because, on that day, he was arrested in West Virginia on two counts of Possession with Intent to Deliver (PWID) (West Virginia Charges).[3]  (Id. at 32-33.)  On October 30, 2013, the Board declared Headley delinquent after two missed home visits.  (Id. at 19, 35.)  The Board issued a warrant to commit and detain Headley on November 12, 2013, based on the West Virginia Charges.  (Id. at 20.)  Headley

---

[1] Headley's appointed counsel initially filed an Application to Withdraw as Counsel (Application to Withdraw) along with a Turner Letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), which this Court denied because Counsel did not address all of the issues raised in Headley's pro se petition for review or explain why those issues were without merit. Counsel was given the opportunity to file a new Application to Withdraw and a Turner Letter or a brief on the merits of Headley's petition for review.  Counsel has filed a brief on the merits.

[2] The record and Headley's brief to this Court reference a Virginia charge and detainer dating to 2007, and the Board paroled Headley to a community correction center to which he was to report "[u]pon [his] release from [the] Virginia Detainer."  (C.R. at 3, 9-11, 13, 16; Headley's Br. at 4.)  However, there is nothing in the record indicating when Headley was released from the Virginia Detainer or when he reported to the community corrections center.

[3] It appears from the record that there may also be pending charges in Maryland that are related to the West Virginia Charges.  (C.R. at 35, 73.)

2

pleaded guilty to two felony counts of PWID on May 8, 2014, and he was sentenced that day to one-to-three years' confinement. (Id. at 21-24.) Headley was released from custody in West Virginia on March 20, 2015, and was returned to an SCI in Pennsylvania on the Board's detainer. (Id. at 35.)

Upon Headley's return, the Board charged him with technical parole violations (leaving the district and changing approved residence without permission) and as a CPV. (Id. at 28.) On March 31, 2015, the Board advised Headley of its intent to hold a violation and revocation hearing on April 10, 2015. (Id. at 28-29.) Headley waived his right to a panel hearing, and a violation/revocation hearing was held on April 10, 2015, before a hearing examiner, at which Headley was represented by the local public defender's office. (Id. at 37-39.) Headley acknowledged his conviction of the West Virginia Charges and that he violated one of the conditions of his parole. (Id. at 53-57.) Headley testified that he went to West Virginia for medical treatment, had a job that he had held since being at the CCC, paid his landlord rent, had not been evicted, and, therefore, still resided at the listed residence. (Id. at 58-59.) He further explained that, on the day he was arrested in West Virginia, he asked the trooper to contact his parole agent to advise that Headley had been arrested, and he spoke with his landlord to let her know of his arrest and requested that she get him his parole agent's address so he could inform the agent of his arrest. (Id. at 58.) Headley stated he told his parole agent of the West Virginia Charges, but received no response after two weeks. (Id.)

The Board mailed its Decision on June 16, 2015, recommitting Headley as a TPV on both violations to serve 6 months backtime and as a CPV to serve 24 months backtime for his conviction of the West Virginia Charges, with the

3

backtime to run concurrently. (Id. at 70-71.) The Board recalculated Headley's maximum date from March 19, 2017 to January 13, 2020. (Id.) This recalculation was based on Headley having 1,760 days remaining on his original sentence when he was paroled on May 24, 2012, and the Board not giving Headley any credit for the time he spent on parole. (Id. at 68.) Adding 1,760 days to March 20, 2015, the date Headley was returned to Pennsylvania custody from West Virginia, results in the new maximum date of January 13, 2020. (Id.)

Headley filed an Administrative Appeal arguing that the Board lacked the authority and/or jurisdiction to re-sentence Headley and/or alter his judicially-imposed maximum date. (Id. at 74-77.) The Board responded in its November 16, 2015 Order stating that, having recommitted Headley as a CPV, it had the authority to recalculate his maximum sentence and deny him credit for the time he spent at liberty on parole pursuant to Section 6138(a)(2) of the Prisons and Parole Code (Code), as amended, 61 Pa. C.S. § 6138(a)(2).[4] (C.R. at 80.) Headley then petitioned this Court for review of the November 16, 2015 Order.[5]

---

[4] Section 6138(a)(2) of the Code states that if a CPV is recommitted, the CPV

> shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1) [(relating to when the Board has the discretion to credit a CPV for time spent at liberty on parole)], shall be given no credit for time at liberty on parole.

61 Pa. C.S. § 6138(a)(2).

[5] In reviewing the Board's orders, our review "is limited to determining whether the Board's findings are supported by substantial evidence, [whether] an error of law [was] committed, or whether any of the parolee's constitutional rights were violated." Andrews v. Pa. Bd. of Prob. and Parole, 516 A.2d 838, 841 n.10 (Pa. Cmwlth. 1986).

4

On appeal, Headley first argues that he is entitled to credit from the Board for the time he spent incarcerated in West Virginia while he was on parole from his original Pennsylvania sentence. Headley asserts that, because he was incarcerated in West Virginia from September 12, 2013 to March 20, 2015, he was not at liberty and that time should not have been considered "street time" subject to forfeiture. Headley also argues that he was entitled to credit for the time he served at the CCC. Headley contends that there should have been an evidentiary hearing held on this issue, but there was not, and the present matter should be remanded for a hearing. The Board, in its brief to this Court, claims that these issues are waived because Headley did not raise them to the Board in his Administrative Appeal. After reviewing the Administrative Appeal, we agree that the issues Headley asserts here were not raised before the Board and, therefore, are waived.

Section 703(a) of the Administrative Agency Law provides that, although a party is not precluded from raising a question about the validity of a statute in an appeal, a "party may not raise upon appeal any other question not raised before the agency." 2 Pa. C.S. § 703(a). Rule 1551(a) of the Pennsylvania Rules of Appellate Procedure similarly provides, with several exceptions not applicable here, that "[n]o question shall be heard or considered by the court which was not raised before the government unit." Pa. R.A.P. 1551(a). The Board's regulations require that issues must be "present[ed] with accuracy, brevity, clearness and specificity." 37 Pa. Code § 73.1(a)(3), (b)(2). "[I]ssues not raised . . . before the Board in an administrative appeal are waived for purposes of appellate review by this court." McCaskill v. Pa. Bd. of Prob. and Parole, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993).

5

The Administrative Appeal filed here challenges the Board's authority and jurisdiction to extend Headley's judicially-imposed sentence beyond that given by the sentencing court. (C.R. at 74-77.) Although Headley checked the box stating "Sentence Credit Challenge," there is no express or implied challenge to the Board's credit determination other than stating that the Board "illegally changed" Headley's maximum date. (Id. at 74.) There is no reference in the Administrative Appeal or the document Headley attached thereto of the time he spent at the CCC or incarcerated in West Virginia, let alone a request for credit against his original sentence for those periods. (Id. at 74-77.) Accordingly, these issues "are waived for purposes of appellate review by this court." McCaskill, 631 A.2d at 1094-95.

For this reason, the Board's Order is affirmed.

_____
**RENÉE COHN JUBELIRER,** Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marlon Christophe Headley,          :
                    Petitioner     :
                                 :
           v.              :    No. 2553 C.D. 2015
                                 :
Pennsylvania Board of Probation and    :
Parole,                            :
                    Respondent   :

## O R D E R

NOW, May 2, 2017, the Order of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is hereby **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** Judge